Taylor B. Wallin, Esq., CFLS, State Bar No. 266576
E-mail: twallin@fmbklaw.com
FEINBERG, MINDEL, BRANDT & KLEIN, LLP
12424 Wilshire Blvd., Ninth Floor
Los Angeles, California 90025
Telephone: (310) 447-8675
Facsimile: (310) 447-8678

Attorneys for Respondent
SANNER M. MURRAY

Stephen J. Cullen, *Admitted Pro Hac Vice*
E-mail: scullen@milesstockbridge.com
Kelly A. Powers, *Admitted Pro Hac Vice*
E-mail: kpowers@milesstockbridge.com
Leah M. Hauser, *Admitted Pro Hac Vice*
E-mail: lhauser@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
1201 Pennsylvania Avenue, N.W., Suite 900
Washington, D.C. 20004
Telephone: (202) 465-8374
Facsimile: (410) 385-3709

Attorneys for Petitioner
CHRISTOPHER A. MURRAY

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER A. MURRAY,<br><br>  Petitioner,<br><br>  v.<br><br>SANNER M. MURRAY,<br><br>  Respondent. | Case No.  2:20-cv-04242 FMO (MRWx)<br><br>**ORDER** |

All parties hereby stipulate and agree, as evidenced by the signatures of the parties below, and request that the Court enter an order on the following terms:

**I.    FINDINGS:**   THE COURT FINDS THAT the parties have acknowledged and represented to the Court, for the Court to rely upon in entering judgment in this matter, that the following facts are true and correct:

    1.    The parties have one (1) minor child, B.R.M., born November

21, 2018, (female), currently 20 months old, for whom Christopher Murray (hereinafter "Christopher" or "Father"), is the biological father and Sanner Murray ("Daisy" or "Mother"), is the biological mother.

2. On May 9, 2020, Father filed a Petition for the Return of the Child to England (DE #1) in the United States District Court, Central District of California, Western Division, Case Number 2:20-cv-04242-FMO-MRW.

3. On November 14, 2019, Mother filed a Dissolution of Marriage case, which included requests relating to child custody, in the Superior Court of the State of California for the County of Ventura, said action bearing Ventura County Court Case Number D395834.

4. The parties have been advised by and/or have had the opportunity and ability to consult with independent legal counsel, including counsel of record in this proceeding and their respective state court counsel, during this proceeding, particularly during the time of the settlement negotiations and leading up to and in connection with this agreement.

5. Each party acknowledges, represents and warrants that by entering into a negotiated settlement of all custodial issues between them, each has knowingly and intelligently waived his or her right to a full evidentiary hearing on the merits of the issues resolved by the agreement as set forth herein.

**II.     CHILD'S HABITUAL RESIDENCE**

1. The parties' minor child is B.R.M., born in 2018, (female), currently 20 months old (hereinafter referred to as the "minor child" or "child").

2. The parties agree that as of the date of this agreement, the child's habitual residence is the United States. The child's home state pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act is the State of California.

3. Both parties were given notice and an opportunity to be heard in this proceeding in conformity with the laws of the State of California and the Federal Rules of Civil Procedure. Each party has personally executed this agreement, and,

2

through the date of this agreement, both parties waive their right to a Hague Convention return evidentiary hearing and a Trial on custody and visitation in the pending State Dissolution Proceeding based upon the terms contained in this agreement.

4. The custody and visitation rights of each party under California law are clearly described herein. Any violation of this order may result in civil or criminal penalties, or both.

### III. LEGAL CUSTODY

1. "Joint Legal Custody" under Family Code § 3003 "means that both parents shall share the right and the responsibility to make the decisions relating to the health, education, and welfare of a child." The parties expressly agree that they shall have joint legal custody of the minor child pursuant to Family Code § 3003.

2. In exercising joint legal custody pursuant to Family Code § 3003, the parties shall share the right and the responsibility to make the decisions relating to the health, education, and welfare of the minor child. Both parties shall ensure both parents are listed as a contact on all forms relating to the minor child. Mother shall endeavor to keep Father apprised of the child's day-to-day life in California, by way of example through sharing photographs and videos of the child with Father.

3. Minor Child's Passports: The parties agree that the minor child's passports for the United Kingdom and the United States shall be renewed at least 6 months before the expiration date of each passport. The parties agree to cooperate fully with the renewal of the minor child's passports. The parties agree that Mother shall be responsible for holding the minor child's passports. When the parties agree for Father to travel internationally or within the United States with the minor child, Mother shall provide the minor child's passports to Father for the duration of the international or national trip. Upon conclusion of such trips, Father shall return the

passports to Mother. The parties agree to cooperate to obtain and maintain any passport for the child for any country in which she is eligible to hold a passport.

4. Travel with Minor Child:

(A) Travel Outside California Within the United States: Either party is permitted during his or her parenting time to travel outside the State of California within the United States with the minor child without the other party's permission. For all out-of-state trips within the United States, the traveling party must provide the other party written notice of the scheduled travel and the child's itinerary and contact information during the travel at least 48 hours before the scheduled departure.

(B) Travel Outside the United States and/or United Kingdom: For all travel to a foreign country, except the United States of America and/or the United Kingdom, the traveling parent must obtain the prior written consent of the other parent or an order from a court of competent jurisdiction.

IV. **PHYSICAL CUSTODY**

1. Joint Physical Custody: Pursuant to Section 3004 of the California Family Code "joint physical custody" means that each party shall have significant periods of physical custody; that physical custody shall be shared by the parties in such a way as to assure the child of frequent and continuing contact with both parents. The parties expressly agree that they shall have joint physical custody of the minor child.

V. **PARENTING PLAN**:

1. Child's Place of Residence: The minor child shall reside in California with Mother. The minor child shall attend a school near Mother's residence in California. Mother shall be responsible for the care and custody of the minor child at all times except the times set forth herein, which shall be Father's designated parenting time with the minor child.

2. Skype or Video-Conferencing Visits with the Minor Child:

Father shall be permitted to skype or video conference with the minor child three (3) times per week for approximately twenty (20) minutes each time, at mutually agreed upon times by the parties and with due consideration of the time zone differences. At times when the child is with the Father for two (2) or more consecutive days, Mother shall be permitted to skype or video conference with the child every other day for approximately twenty (20) minutes each time, at mutually agreed upon times by the parties with due consideration of the time zone differences. Both parties must agree to any recording (audio or video) of any video conference between either party and the child, except that either party may take screenshot photographs of the child as appropriate without the other party's permission.

       3.    <u>Facilitating Parenting Time:</u> Both parents shall encourage the child to spend meaningful time with the other parent and shall promote the child's love and affection toward the other parent.

       4.    <u>Father's Parenting Time in California</u>: Effective immediately Father may travel to California a minimum of four (4) trips per calendar year, for approximately 7 days for each trip, subject to the conditions below, for his parenting time with the minor child.

       (A)    While it is contemplated that each of Father's trips to California will be approximately 7 days in length, Mother agrees to be flexible with Father in the event that he is able to spend additional time in California for 10 days, as an example. In such a situation, Mother shall allow Father access to the minor child, subject to the conditions stated herein. By way of example, for a 10 day trip, Mother shall allow Father 10 days of access to the minor child, subject to the conditions stated herein.

       (B)    Father shall not have more than 45 days of parenting time with the minor child in California per calendar year, unless expressly agreed upon by the parties in writing.

(C) Father shall provide 30 days' written notice to Mother as to his intended dates of travel for his parenting time in California, except that in the event of an emergency relating to the child, Father shall be permitted to have reasonable access to the child in the United States without providing 30 days' notice. Written notice via email is acceptable.

(D) For the first four (4) trips the Father takes to California for his parenting time with the minor child, he must be accompanied by Gillian L. Murray (the paternal grandmother) or a mutually agreeable family member or friend. In the event that Gillian Murray is unavailable, and the parties are not able to reach an agreement on an alternative family member or friend to accompany Father during his access, then the parties shall select and equally share in the cost of a professional third party. The requirement for Father's first four (4) trips to California to be accompanied by a third party is without prejudice to either party's claims or contentions, and is agreed solely as a compromise by Father.

(E) For the first four (4) trips referenced in Subsection (D) or until the child is over the age of three (3), Father's parenting time shall be daytime only. Until overnight visits begin after the first four (4) trips, Father shall have six (6) consecutive hours each day with the minor child, or longer as mutually agreed upon by the parties.

(F) After the first four (4) visits in California, as long as the child is over the age of three (3), Father shall have consecutive overnight parenting time in California or within the United States. The parties agree that the minor child shall have one overnight with Father for every year of age, starting at age 3. So, for example, it is contemplated that Father shall have at least 4 consecutive overnights with the minor child by the age of 4.

5. <u>Father's Parenting Time in England During Summer Vacation</u>: Commencing the Summer of 2021, Mother and the minor child shall travel to England where the Father resides for purposes of facilitating parenting time for

Father in the United Kingdom, subject to the conditions and restrictions below:

(A) In light of the current Covid-19 Pandemic, the minor child shall travel to England for Father's parenting time commencing in the Summer of 2021 unless there is a Level 4 warning issued by the United States Department of State recommending against travel at that time or a CDC Level 3 Health Notice restricting entry to the US and/or requirement for self-isolation following entry to the UK or re-entry to the US.

(B) For the Summer travel specified below, the parties shall mutually agree upon the dates of travel in the summer no later than May 1st of each year. If the parties are unable to reach an agreement as to the dates of travel in the Summer, then Mother's preferred travel dates shall have priority in odd years, while Father's preferred travel dates shall have priority in even years.

(C) For the Summer of 2021 (which shall be defined as June 1 through August 31), Mother and the minor child shall travel to England and stay within a reasonable distance of Father's residence for 1 week (7 full days). If distance is greater than 30 minutes of travel time from the Father's residence, Mother agrees to share equally the travel time so as Father does not have to travel more than 30 minutes. Father shall have parenting time with the minor child for six (6) hours each day. In the event Father has not yet had 4 trips to California as set forth above, then Father's Summer Parenting time in England for the Summer of 2021 shall be accompanied by the paternal grandmother or some other mutually agreeable person as set forth in Section 4(D) above.

(D) For the Summer of 2022 (which shall be defined as June 1 through August 31), Mother and the minor child shall travel to England and stay within a reasonable distance of Father's residence for 2 weeks (14 full days). If distance is greater than 30 minutes of travel time from the Father's residence, Mother agrees to share equally the travel time so as Father does not have to travel more than 30 minutes. The dates of Father's parenting time with the minor child

for those 2 weeks in the United Kingdom shall be mutually agreed upon by the parties. The parties agree that the minor child shall stay overnight with her Father during this trip, such that the minor child shall have one overnight with Father during this trip for every year of age, starting at age 3. So, for example, it is contemplated that Father shall have at least 3 consecutive overnights with the minor child for the Summer of 2022. The parties may agree for the summer of 2022 that Father has the minor child for an overnight every other night during the 14 days or that Father has an overnight with the minor child for 1 night, followed by 1 night to Mother, then 2 nights to Father, then 1 night to Mother, and 3 nights to Father, 1 night to Mother, and 3 nights to Father, until the end of the 14 days.

(E)  For the Summer of 2023 (which shall be defined as June 1 through August 31), Mother and the minor child shall travel to England and stay within a reasonable distance of Father's residence for 3 weeks (21 full days). If distance is greater than 30 minutes of travel time from the Father's residence, Mother agrees to share equally the travel time so as Father does not have to travel more than 30 minutes. The dates of Father's parenting time with the minor child for those 3 weeks in the United Kingdom shall be mutually agreed upon by the parties, subject to the understanding that Father shall have at least four consecutive overnights with the minor child followed by one overnight with Mother (or a mutually agreed third party), then at least four consecutive overnights with Father, followed by one overnight with Mother (or a mutually agreed third party), and continuing this pattern through the end of the trip. The parties must be flexible with each other when scheduling travel dates for this summer. The parties recognize that Mother may be working and unable to take 3 weeks off from work to facilitate such an international trip. Under such circumstances, the parties shall meet and confer to reach a compromise to have another mutually agreed third party or Father accompany the child to and from England and for the mutually agreed third party to have one overnight for every four consecutive overnights or accompany the

Father for one overnight for every four consecutive overnights during this trip that the Mother is not able to be present.

(F) For the Summer of 2024 (which shall be defined as June 1 through August 31) and each summer thereafter as set forth in Paragraph 6 below until further order of the Court or agreement by the parties, the minor child shall travel to England and stay within a reasonable distance of Father's residence for 4 weeks (28 full days).  If distance is greater than 30 minutes of travel time from the Father's residence, Mother or mutually agreed third party agrees to share equally the travel time so as Father does not have to travel more than 30 minutes. Father's parenting time with the minor child for those 4 weeks in the United Kingdom shall be mutually agreed upon by the parties, subject to the understanding that Father shall have at least five consecutive overnights with the minor child, followed by one overnight with Mother (or a mutually agreed third party), then at least five consecutive overnights with Father, followed by one overnight with Mother (or a mutually agreed third party), and continuing this pattern through the end of the trip. The parties must be flexible with each other when scheduling travel dates for this summer. The parties recognize that Mother may be working and unable to take 4 weeks off from work to facilitate such an international trip. Under such circumstances, the parties shall meet and confer to reach a compromise to have another mutually agreed third party or Father accompany the child to and from England and for the mutually agreed third party to have one overnight for every five consecutive overnights or accompany the Father for one overnight for every five consecutive overnights during this trip that the Mother is not able to be present.

6. <u>Increase of Father's Parenting Time for ½ the Summer Vacation</u>: The parties agree that it is in the minor child's best interest to maximize her time with her Father in England as set forth herein.  The parties enter into this agreement with the goal of increasing Father's parenting time with the minor child during the summer so that he has one-half of the summer vacation (as defined by

9

the child's school schedule) with the minor child in the United Kingdom in the same structure as set forth for the prior summers. The parties may attend mediation as set forth below to further discuss the timing and implementation of this goal into a formal parenting plan.

7. <u>Holidays</u>: The parties have purposefully not designated a holiday parenting schedule in order to ensure the flexibility and affordability of travel arrangements to California and to the United Kingdom. Father shall endeavor to refrain from selecting his parenting time in California to occur on the same major holiday in consecutive years, such as American Thanksgiving, Christmas Eve and Christmas Day (hereinafter referred to as a "Major Holiday").  For all such Major Holidays, Christopher shall not notice his travel for the same holiday in two consecutive years.  So, for example, he may notice travel to California for Christmas 2020, but he shall not notice travel to California for Christmas 2021.

8. <u>Mandatory Mediation 120 days before Minor Child Starts Full-Time Kindergarten</u>: If the parties are unable to agree, the parties shall attend private mediation at least 120 days before the minor child is scheduled to begin full-time Kindergarten in California to make any necessary and reasonable adjustments and modifications to the parenting plan in light of Father's parenting time in California and the child beginning school full-time.  The parties shall mutually agree upon a mediator who is a California licensed attorney with specialization in international custody and shall equally share in the cost of such a mediator.

9. <u>Mandatory Mediation Before Commencement of Any Child Custody Proceeding:</u> Except for emergencies involving the minor child, if the parties are unable to agree, before either party is permitted to formally file a modification to the parenting plan or an enforcement proceeding, the parties must attend mediation.  Upon request and notice of an intention by one party to pursue formal litigation regarding any custody-related issue, the parties shall attend mediation within 30 days of the notice or as soon thereafter as reasonably practical.

The parties shall mutually agree upon a mediator who is a California licensed attorney with specialization in international custody and shall equally share in the cost of such a mediator. Only after good faith participation in mediation may one party pursue formal litigation over any modification or enforcement child custody issue.

### VI. TRAVEL EXPENSES

1. Each parent shall be responsible for his and her own travel expenses, including airfare, housing cost and meals to facilitate visitation in accordance with the terms of this parenting plan.

2. When the minor child travels to England under the terms of this order, the parties shall equally share in the cost of the minor child's airfare.

3. The parties agree that it is not in the child's best interest to factor the child's travel expenses or either party's travel expenses into a DissoMaster calculator for child support when determining the order for child support.

### VII. LEGAL FEES

1. Each party shall be responsible for his or her attorneys' fees incurred in connection with the above-captioned Hague Proceeding, including but not limited to attorneys' fees, expert costs, travel costs, and other expenses related to this proceeding.

2. In the California State Dissolution of Marriage Proceeding, each party shall be responsible for his or her attorneys' fees incurred for the California State Dissolution of Marriage Proceeding through July 31, 2020. Neither party is permitted to seek attorneys' fees, suit money, expenses and costs from the other party for any attorneys' fees, suit money, expenses and costs incurred in the California State Dissolution of Marriage Proceeding incurred on or prior to July 31, 2020.

### VIII. DISMISSAL OF HAGUE PROCEEDING, ENTRY OF CALIFORNIA STATE ORDER, MIRROR ORDER IN ENGLAND,

**RETURN OF PASSPORTS**

1. Pursuant to the Order re: Further Proceedings entered June 1, 2020, the Court ordered Mother to deposit the minor child's passports to the Court Registry no later than June 15, 2020. Mother complied with the Order and deposited the minor child's British and United States passports with the Court Registry. The Court shall return the minor child's passports to Mother immediately.

2. The parties shall work with their California attorneys in the Dissolution of Marriage proceeding to enter an Order for custody and visitation by agreement in the Ventura County Court Case Number D395834 upon the terms set forth herein. The parties and the Court acknowledge that the Order for custody and visitation to be entered in the State Court proceeding shall be a final judicial custody determination.

3. A mirror order of the Order for custody and visitation in the Ventura County Court Case Number D395834 shall be prepared by a solicitor in England and registered in England. Father shall be solely responsible for the fees incurred by his Solicitor in England for the preparation of and registration of the mirror order. The parties shall equally share any court costs associated with the mirror order. The parties shall work forthwith and instruct the UK Solicitor to work forthwith to enter the mirror order in England. Mother shall receive written notification when the application is issued and again when it is approved.

4. The evidentiary hearing in this matter scheduled for July 31, 2020 is hereby **vacated**.

5. Effective immediately, this Hague Proceeding shall be **stayed** pending the entry of the Order for custody and visitation by agreement in the Ventura County Court Case Number D395834. Once the Order for custody and visitation by agreement is entered by the Ventura County Superior Court, this Hague Proceeding for the Return of the Minor Child to England, shall be dismissed with prejudice. The Father shall promptly file a Notice in this Court that this provision

has been satisfied.

      6.      This action shall be **removed from this court's active caseload** until further application by the parties or order of the court. The court retains full jurisdiction over this action and this Order shall not prejudice any party in the action.

**IT IS SO ORDERED.**

Dated this 28th day of July, 2020.

_____/s/_____
Fernando M. Olguin
United States District Judge